# Bigley, Appellant, *v.* Bellevue Borough.

*Constables—Boroughs—Reducing salary—Art. 3, sec. 13, const.*

Where a borough employs a constable to light lamps and patrol the streets at a fixed compensation per day, the wages received by the constable for such work are not an official salary which cannot be reduced without violating art. 3, § 13, of the constitution, which forbids the decrease of an officer's salary during his term of office.

Argued Nov. 10, 1893. Appeal, No. 304, Oct. T., 1893, by plaintiff, William Bigley, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1892, No. 107, on verdict for defendant. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for services. Before McCLUNG, J.

Plaintiff claimed to recover $240 for services rendered to defendant as constable, lamplighter and patrolman for the months of April, May, June and July, 1892, at two dollars per day. At the trial, it appeared that on April 1, 1890, the town council of the borough passed the following resolution : " Resolved, that William Bigley, high constable of the borough, be and is hereby appointed borough policeman and lamplighter for the year commencing March 4, 1890, and that his compensation be fixed at two dollars per day." Appellant performed the duties of borough policeman and lamplighter in 1890, 1891 and up until April 18, 1892, and received the compensation of two dollars per day provided for such services, up to and including March, 1892. For the services rendered by appellant in April, 1892, he was tendered compensation at the rate of two dollars

per day, but refused to accept it.   On March 7, 1892, plaintiff qualified as high constable for a new term.   On April 15, 1892, the town council passed a new ordinance repealing the prior ordinance, and all conflicting ordinances, and on April 18, 1892, the burgess notified appellant that he was discharged as policeman and lamplighter, and that Charles P. Carson was appointed in his place.

Binding instructions were given for defendant.   Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was instruction, quoting it.

*George H. Quaill*, for appellant, cited: Acts of April 1, 1834, §§ 6, 14, 15, P. L. 164; Purd. 206; April 3, 1851, §§ 5, 13, P. L. 320; Purd. 210; "High Constable" in Trickett's Borough Law; Dillon, Mun. Corp. § 231; People v. Crissey, 91 N. Y. 616.

*Lawrence Johnston, H. M. Scott* with him, for appellee, cited: Shaub v. Lancaster, 156 Pa. 362; 1 Dillon, Mun. Corp., 4th ed., p. 384; Act of April 3, 1851, P. L. 320; Barker v. Pittsburgh, 4 Pa. 49; Com. v. Bacon, 6 S. & R. 322; Shafer v. Senseman, 125 Pa. 310; Constable's Case, 7 Pa. C. C. R. 550; s. c., 25 W. N. 555; Weikel's Bond, 8 Pa. C. C. R. 121; Tyson's Bond, 2 Dist. R. 633; Womer's Bond, 2 Dist. R. 670.

OPINION BY MR. JUSTICE WILLIAMS, November 13, 1893:

The plaintiff was the high constable of Bellevue.   As such he was entitled to fees for the service of process issued by the burgess for the enforcement of the ordinances and the preservation of the public peace.   For serving notices and similar services rendered the borough he has a right to compensation, either by a salary or fees, as the borough may determine.   But his official duties were not onerous.   He obtained employment from the borough in lighting the street lamps, and patrolling the streets from 2 o'clock P. M. of each day until 2 o'clock A. M. of the next, at the price of two dollars per day.   He served in this capacity for one or more years.   At length the borough decided for some reason to discontinue the employment and gave the plaintiff notice.   This action is brought to recover three months pay, alleged to have accrued since the discontin-

uance of the service on the ground that the per diem was an official salary that could not be reduced during the term of office of the incumbent.    As the borough might have employed any other person to perform the same service we cannot agree that the plaintiff's wages are to be regarded as an official salary.    The borough could discontinue the work it employed him to do, or change the workman, without coming in conflict with the constitutional provision which forbids the decrease of an officer's salary during his term of office.

The learned judge of the court below was quite right in his view of this case and the judgment must be affirmed.